NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
GUILFORD COUNTY

10CVS 3377

AMR AHMED,

    Plaintiff,

vs.

    COMPLAINT

BROCK & SCOTT, PLLC.,

    Defendant.

COMES NOW PLAINTIFF, complaining of the acts of Defendant, alleges and says that:

1. Plaintiff is a citizen and resident of Guilford County, North Carolina.

2. Upon information and belief, Defendant is a professional limited liability corporation organized and existing under and by virtue of the laws of the State of North Carolina, with a place of business in Winston-Salem, Forsyth County, North Carolina.

## FIRST CAUSE OF ACTION: NATIONAL ORIGIN AND RACIAL DISCRIMINATION

3. That, Plaintiff, a person born in Egypt and originally of Egyptian citizenship, became employed by Defendant as an asset manager in March, 2008.

4. That after Plaintiff was hired, he began to experience a hostile work environment, was subjected to greater scrutiny than his American born coworkers, and was denied the opportunity for continued employment offered to coworkers of other nationalities. Throughout his employment, Plaintiff performed his positions diligently and with the best interests of the Defendant in mind. Upon information and belief, Plaintiff was performing his duties at or above the level of other employees with the same experience and tenure with Defendant.

5. That Plaintiff reported his concerns about the hostile working environment and discrimination on several occasions. Despite his reporting these concerns, no remedies were offered to him. Instead, on or about April, 2008, Plaintiff's employment was terminated. Upon information and belief, a person with less experience and of a different original nationality and race than Plaintiff has assumed his duties. Moreover, upon information and belief, the replacement employee was not of Egyptian nationality.

6. At all times relevant herein, Plaintiff's supervisors that criticized his performance, denied him continued employment opportunities, and terminated his employment, were agents of the Defendant, duly authorized and acting within the scope of their employment. Moreover, upon information and belief, they were all of American national origin.

7. That Plaintiff expressed his concerns about national origin and racial discrimination in the workplace as well as his objection to the alleged basis for his termination to said supervisors. Plaintiff left Defendant's employ without a response to his concerns about the discriminatory conduct.

8. That Plaintiff exhausted all internal grievance procedures and yet was not returned to employment with Defendant.

9. The conduct of Defendant, as alleged herein, not only violates Title VII of the Civil Rights Act of 1964, as amended, but also violates the public policy of the State of North Carolina and North Carolina General Statutes Section 143-422.1 et seq.

10. That within 180 days of the last discriminatory actions of Defendant, Plaintiff filed a charge in writing with the Equal Employment Opportunity Commission (hereinafter "EEOC") charging Defendant with age, race, and national origin discrimination in its decision to terminate his employment, in the denial of opportunities, and with respect to the hostile environment created while so employed. More than 180 days have elapsed since Plaintiff filed these charges with the EEOC. On or about October 29, 2009, Plaintiff was issued a right to sue letter on said charge of discrimination from the local office of the EEOC. At this time, Plaintiff has decided to institute a private lawsuit, and is filing same within ninety (90) days of receipt of the EEOC's right to sue letter.

11. Said national origin and racial discrimination, creation of a hostile environment, and subsequent termination of Plaintiff's employment by Defendant, by and through its duly authorized agents is the direct and proximate cause of injury to Plaintiff in an amount in excess of $10,000.00 representing lost wages and benefits.

## SECOND CAUSE OF ACTION: PUNITIVE DAMAGES

12. The allegations set forth in paragraphs one through eleven are realleged and incorporated by reference as if fully set forth.

13. The above described acts or omissions of the Defendant, by and through its duly authorized agents acting within the scope of their employment, constitute wrongs done wantonly, willfully, or with actual malice, or under circumstances of rudeness, insult, indignity, oppression, or in a manner which demonstrates a reckless disregard of the Plaintiff's rights.

14. Plaintiff is entitled to recover of Defendant on this cause an amount to be determined at trial as punitive damages to deter discrimination by Defendant in the future.

## THIRD CAUSE OF ACTION: INJUNCTION

15. The allegations contained in paragraphs one through fourteen are realleged and

2

incorporated herein by reference as though fully set forth.

16. That due to Plaintiff's need to obtain employment and the importance of an accurate reference from Defendant in that process, it is imperative that the Defendant cease any derogatory or defamatory comments regarding Plaintiff.

17. That Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief is the only means for securing adequate relief.

18. That Plaintiff will suffer irreparable harm if the requested relief is not granted.

## FOURTH CAUSE OF ACTION: AGE DISCRIMINATION

19. The allegations contained in paragraphs one through eighteen are realleged and incorporated herein by reference as though fully set forth.

20. At the time of his termination, the Plaintiff was over the age of 40.

21. Upon information and belief, Plaintiff was replaced by an employee outside the protected age group and with less experience. Upon information and belief, younger employees continue to perform Plaintiff's duties.

22. At all times relevant herein, Defendant employed at least 20 individuals during the 52 weeks preceding these events and thus was an employer within the meaning of 29 U.S.C. §621 et seq., the Age Discrimination in Employment Act (hereinafter "ADEA").

23. At all times relevant herein, Defendant has been aware of the provisions of the ADEA which prohibit employment discrimination on the basis of age. In wrongfully terminating the Plaintiff's employment, creating a hostile work environment, and failing to provide other opportunities for Plaintiff, Defendant wilfully, knowingly, and intentionally discriminated against him on the basis of his age.

24. That within 180 days of the last discriminatory actions of Defendant, Plaintiff filed a charge in writing with the Equal Employment Opportunity Commission (hereinafter "EEOC") charging Defendant with age discrimination. More than 180 days have elapsed since Plaintiff filed these charges with the EEOC. Plaintiff was sent his right to sue letter on said charges of discrimination from the local office of the EEOC. At this time, Plaintiff has decided to institute a private lawsuit and is filing same within ninety (90) days of receipt of the EEOC's right to sue letter.

25. As a proximate result of Defendant's conduct as stated above, Plaintiff has sustained and continues to sustain substantial losses in earnings, retirement benefits and other employment benefits, all to his damage in an amount in excess of $10,000.00.

WHEREFORE, Plaintiff prays the Court as follows:

1. That the Court enter a preliminary and then permanent injunction enjoining Defendant, its officers, employees, agents and all persons acting in concert with Defendant, from engaging in employment discrimination on the basis of age, race, and national origin. Further directing Defendant to reinstate Plaintiff to the employment from which he was terminated, and to restore to him all wages, retirement benefits and other employment benefits due from his date of termination or in the alternative to reinstate all benefits and award Plaintiff back pay and front pay as his opportunities for future employment are limited.

2. That the Court enter a money judgment against Defendant, awarding Plaintiff damages representing lost wages and all other sums of money, including retirement benefits and other employment benefits which Plaintiff would have earned had he not been terminated, together with interest on said amounts from Plaintiff's date of termination.

3. That he recover judgment against Defendant in an amount in excess of $10,000.00, plus interest;

4. That he recover the costs of this action, including reasonable attorney's fees; and

5. For such other and further relief as to the Court may seem just and proper.

_____
Nancy P. Quinn,
Attorney for Plaintiff
315 Spring Garden St., Suite 1D
Greensboro, NC 27401
Telephone: (336) 272-9072

4